rupting prescription. The situation thereafter remains the same as if the suit had never been ·brought.

. ■ The contention that because the title, under which the Crowell & Spencer Lumber Company holds, contains a limited warranty, prevents the prescription of ten years from running, is not well founded in law. The fact that a deed excludes all warranty, or is a mere quitclaim deed, does not prevent prescription from running. Land Development Co. of Louisiana v. Schulz, 169 La. 1, 124 So. 125; Read v. Hewitt, 120 La. 288, 45 So. 143. In the very recent case of Perkins v. Wisner (La. Sup.) 132 So. 493,[1] on rehearing, this question was fully considered, and the foregoing conclusion reached.

■ Our opinion is that a case has been made out, showing that the prescription of ten years should be sustained. The fact that, at the time the Crowell & Spencer Lumber Company purchased the property, that company was (considering the defect, arising aliunde, the deed, showing that plaintiffs' interests had not been conveyed by valid title) a co-owner with plaintiffs of the property, does not prevent the prescription from running. The company had a deed to the whole property, which, upon its face, was translative of the property, in its entirety, including plaintiffs' interest. One may prescribe beyond his lawful title. Civ. Code, art. 3515; Land Development Co. of Louisiana v. Schulz, supra. This is equally true as to the Meridian Lumber Company, which acquired its rights from the Crowell & Spencer Lumber Company.

Judgment was rendered in the lower court in favor of plaintiffs for the land, and reserving their rights to sue for the timber. The judgment should be set aside.

[1] 171 La. 898.

For these reasons, the judgment appealed from is set aside, the plea of ten years' prescription is sustained, and plaintiffs' demands are rejected; plaintiffs to pay the costs in both courts.

O'NIELL, C. J., is of the opinion that the judgment should be affirmed.

■

(133 So. 362)

ROMANSKI v. COX.
No. 29294.

March 2, 1931.

Deutsch & Kerrigan, of New Orleans, for appellant.

St. Clair Adams, of New Orleans, for appellee.

**ST. PAUL, J.**

This is an action for damages for alleged malicious prosecution, and the defense is probable cause and want of malice. The facts are these:

Plaintiff is a photo-engraver. Defendant is the representative of, and distributor for, the manufacturer of a certain malt syrup, known to the public as "Blue Ribbon Malt Extract," and having a trade-mark to that effect. One Frost, a former employee of defendant for a short time, conceived the idea of putting on the market a spurious imitation of defendant's malt syrup, and to that end sought to obtain a counterfeit imitation of defendant's trade-mark. He went to plaintiff, and showed him a copy of defendant's label. Plaintiff made copies of the label for Frost, and the latter used them in putting spurious malt syrup on the market. When defendant found that this spurious malt syrup was on the market, he employed detectives and friends to investigate. They soon located Frost, and learned from the latter that the plates for the counterfeit labels and trade-mark had been made by plaintiff. Whereupon these friends called upon plaintiff, who admitted that he had made the plates. And these friends, who seem to be reputable citizens, and in whom, at any rate, defendant had the fullest confidence, reported to defendant, not only that plaintiff admitted having made the plates, but had offered to insert thereon the legend "Registered in the United States Patent Office," and to recommend them to a discreet printer; that he also told them that, if they needed copies of any other labels, he would imitate them so clearly that not even

an expert could detect the difference between the originals and the counterfeits.

Now this report may have been false. But the fact remains that such a report was made by them to defendant, that they were reputable citizens, and that defendant had full confidence in them and did believe them.

Thereupon, and without the least animosity against plaintiff, who was unknown to him, but with the sole end in view of protecting his rights against the aggression of the purveyors of this spurious product, defendant consulted eminent private counsel as to what steps he should take in the premises. He laid before counsel all the facts as aforesaid, and was advised by this counsel that he should make a charge against plaintiff under the provision of Act No. 49 of 1898 relative to the counterfeiting of trade-marks. And to make assurance further sure he laid the matter before the District Attorney, who likewise gave the same advice.

Thereupon defendant made an affidavit against plaintiff and Frost, charging them on two counts (1) with having counterfeited the label and trade-mark, and (2) with having uttered and circulated said label and trade-mark by attaching same to packages of spurious malt syrup and offering same for sale.

By some error or misunderstanding on the part of one of the Assistant District Attorneys, the information based on the affidavit was a charge of "forging and uttering," which was promptly quashed as to plaintiff and nolle prosequied as to the other defendant. And, of course, defendant is in no manner answerable for such error on the part of the District Attorney's office.

Thereupon a new affidavit of like tenor was made, and a new and proper information filed. And plaintiff was arrested thereunder, but promptly released on bond.

After this, the spurious malt syrup having disappeared from the market, defendant took no further steps in the case, but left the matter entirely in the hands of the District Attorney, where it properly belonged.

The latter did not press the suit; and the testimony of plaintiff is that he made several attempts to get a trial, but was not successful therein. At any rate, the matter lay dormant from 1924 until February, 1927, when said charge was nolle prosequied as it necessarily had to be under the provision of Act No. 67 of 1926, providing that all crimes less than felonies shall be nolle prosequied by the District Attorney if not tried within two years after the filing of the charge.

We said that the report made to defendant by his friends might have been false, and indicated that would make no difference since defendant believed it; but in point of fact it was not false, for plaintiff himself admits that this report is substantially true, his explanation being that he did not know what these men were up to, but thought they were crooks, and he was only seeking to trap them. As we are not trying plaintiff, we may accept his version as correct, but the fact remains that to these persons his conduct was such as to warrant them in concluding that he meant what he said. Hence it was plaintiff's own conduct, however innocent it might have been, which furnished the grounds for probable cause.

Hence our conclusion is that defendant acted without malice and with probable cause.

It is urged that the trade-mark was not registered as provided by Act No. 49 of 1898. That, however, makes no difference. We are not prepared to say that the act requires a registry of the trade-mark before there can be any prosecution for counterfeiting same. And it might have been a defense to the prosecution that it was not. But, on the face of things, plaintiff was apparently violating the act, and hence there was "such seemingly unlawful conduct on the part of plaintiff as to justify defendant company in causing his arrest and prosecution." Graham v. Interstate Electric Co., 170 La. 392, 397, 127 So. 879, 881.

It is contended that it was malicious to charge plaintiff with offering for sale the packages labeled with defendant's trademark, since it was well known that plaintiff personally was doing no such thing. But it must be remembered that plaintiff and Frost were jointly charged with what amounted to a conspiracy to use the counterfeit labels for the purpose of selling the spurious malt syrup (otherwise what could have been the purpose of counterfeiting the labels). Hence it would have sufficed to convict plaintiff on this count, if such criminal intent on his part had been shown, to prove that his co-conspirator had been guilty of offering such packages for sale.

We think the judgment below was correct.

### Decree.

The judgment appealed from is therefore affirmed.